KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 62. I respectfully disagree with the majority’s reversal of the periodic alimony award. In West I, 891 So.2d 203, 213 (Miss.2004), this Court held that the following provision in the property settlement agreement should be considered periodic alimony:
[Article] II.

SUPPORT AND DIVISION OF INCOME FOR WIFE

It is the intention of the Husband and the Wife to benefit and share equally the employment and business income of Husband without regard to the marital status of the parties to each other or to a third party. Husband shall pay to Wife bi-weekly periodic payments of one-half of husband’s income, which at present is $1,458.54 ($4500.00 gross, less deductions of $1,582.92 = $2,917.08 -r 2), beginning May 1, 1994, and one-half of net monthly Director’s fee which is $500.00, and continuing until the earliest to occur of the death of either or if the parties should divorce then this support would become fixed, lump sum installment alimony based upon the present amount together with one-half of increases, payable until Wife’s seventh [sic] (70) birthday, which payments will not be terminated, reduced or otherwise affected by the remarriage of either party but will terminate upon the death of the Wife, if prior to age seventy (70).
The bi-weekly payments shall increase or decrease annually in accordance with the Husband’s total salary to provide for bi-weekly payments equal to one-half (½) of Husband’s monthly salary from West Quality Food Service, Inc. or substituted business/employer. For purposes of this agreement, Husband’s “monthly salary” shall be defined as the gross taxable salary or wages paid to husband from West Quality Food Service, Inc., or *749 substituted business/employer, less amounts withheld from such salary or wages for payment of premiums on insurance covering the minor children of the parties. Adjustment of the amount of the bi-weekly support payments to wife where there are changes in the Husband’s “monthly salary” shall be made as of June 1 each year, beginning June 1,1995, prior to dissolution of marriage (at which time it will be treated as lump sum installment alimony), and shall be based on the average amount of monthly salary paid to Husband during the immediately preceding twelve (12) months by dividing Husband’s total “monthly salary” by twelve (12). However, any bonus paid to Husband shall be divided promptly, and Husband shall pay to wife as additional periodic support/alimony one-half (½) of such bonus. Husband and Wife are to each bear the responsibility for payment of all federal and state taxes out of their respective shares of the income.
¶ 63. In West I, 891 So.2d at 211, this Court clearly held that “the general purpose of the agreement was for Tim to provide one-half of his various forms of income to Debbie....” However, this Court directed the trial court to determine on remand “whether there was a material change in circumstances which clearly resulted in an inability to pay, justifying Tim’s refusal to pay periodic alimony to Debbie.” Id. at 219.
¶ 64. On remand, Tim argued that he should not be required to provide Debbie one-half of his income, based on his reduction in income and decrease in earning capacity. The chancellor rejected Tim’s argument, finding that the agreement was self-modifying. As an example, the chancellor noted that “while Tim’s income has been reduced by the elimination of payments for board fees, his obligation to Debbie has been equally reduced by virtue of the PSA which is based on a percentage of income rather than a set monthly amount.” Because Debbie’s alimony is based on a percentage of Tim’s income, a genuine reduction in his income would result in a reduction in his obligation to her; therefore Tim is attempting to relitigate issues already decided by this Court. I would affirm the chancellor’s periodic alimony award, and therefore concur in part and dissent in part.
WALLER, C.J., AND CHANDLER, J., JOIN THIS OPINION.